## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IN RE 2025 SUBPOENA TO RHODE ISLAND HOSPITAL | Case No. 26-mc-7-MSM-AEM |

### MOTION TO STAY OR FOR TRANSFER OF VENUE

The United States of America respectfully moves to stay this action, or to transfer venue of this action to the Northern District of Texas, under the "first-to-file" rule. Plaintiff has made clear that this action seeks to undo a valid order entered by a district judge in the Northern District of Texas enforcing this very same subpoena (25-1431-032) on the very same entity (Rhode Island Hospital). Doc. 1 at 2. In addition to other problems with the Plaintiff's suit—addressed in the Government's response filed later today—the first-filed rule counsels against this Court adjudicating this matter. Because the United States' enforcement action was filed first and the lawsuits are functionally the same, the first-filed court—in this case, the Northern District of Texas—must determine which action should proceed. Therefore, this Court should stay or transfer this action in order to permit the Plaintiff to ask the Northern District of Texas to make that determination.

### BACKGROUND

On July 3, 2025, the Government issued a subpoena pursuant to its 18 U.S.C. § 3486 subpoena authority to Rhode Island Hospital. Doc. 1-2 at 1. The subpoena listed a return date of August 7, 2025. *Id.* The Hospital chose not to move to quash the subpoena, and in

fact engaged with the Government and initially suggested that it would at least partially comply with the subpoena. However, the Hospital neither complied nor moved to quash by the response deadline.

On April 30, 2026—nearly ten months after the Hospital was served with the subpoena, and nine months after a motion to quash was due under the statute, *see* 18 U.S.C. § 3486(a)(5)—the Government moved to enforce the subpoena in the jurisdiction where this nationwide investigation is being carried on, which is the Northern District of Texas. 18 U.S.C. § 3486(c). On May 1, 2026, the district court enforced the subpoena. *In the Matter of Administrative Subpoena 25-1431-032* (N.D. Tex. 2026) (Doc. 2 at 1). On May 4, 2026, the Child Advocate for the State of Rhode Island filed this action in response to the Texas district court's order. On May 6, 2026, Rhode Island Hospital appeared in the Northern District of Texas action, filing a notice of appeal and seeking a stay from the district judge. *In the Matter of Administrative Subpoena 25-1431-032* (N.D. Tex. 2026) (Docs. 6 & 7). Rhode Island Hospital's arguments in its motion to stay cover much of the same ground as Plaintiff's arguments in this suit. *Id*.

## ARGUMENT

The "first-filed rule" is "an equitable doctrine of venue selection followed universally[.]" *Feinstein v. Brown*, 304 F. Supp. 2d 279, 280 (D.R.I. 2004) (emphasis added). "Obvious concerns arise" when similar lawsuits proceed before two sister courts: "wasted resources because of piecemeal litigation, the possibility of conflicting judgments, and a general concern that the courts may unduly interfere with each other's affairs." *TPM Holdings, Inc. v. Intra-Gold Indus., Inc.*, 91 F.3d 1, 4 (1st Cir. 1996). "Where the overlap

between the two suits is nearly complete, the usual practice is for the court that first had jurisdiction to resolve the issues and the other court to defer." *Id*.

Here, the first-filed rule directly applies on its own terms because there is complete legal and factual overlap between the two suits. The two lawsuits are precise mirror images of each other—the first lawsuit successfully sought enforcement under 18 U.S.C. § 3486 of the subpoena to Rhode Island Hospital, while the second lawsuit seeks to quash that same subpoena to the same entity based on the same statute—and the United States is a party in both suits. The suits are more than "substantially similar;" they are functionally the same suit over the same legal question, which is the enforceability of the subpoena. *Thakkar v. United States*, 389 F. Supp. 3d 160, 174 (D. Mass. 2019) (collecting cases on amount of similarity necessary for application of first-to-file rule).

Moreover, exceptions to the first-to-file rule do not apply because, among other things, the United States' suit in Texas was not filed in order to deprive Rhode Island Hospital or the Child Advocate of its choice of venue—indeed, the Government waited patiently for nearly ten months for Rhode Island Hospital to comply with the subpoena before bringing the action, and Rhode Island Hospital could have filed a timely suit in this Court last year asserting these same arguments. The United States chose a natural venue permitted by statute, which is the venue where this nationwide investigation—which involves Rhode Island Hospital and numerous other actors—is being conducted. Moreover, the First Circuit's concerns about wasted resources and conflicting judgments are especially acute here, where the first-filed court has already determined the matter at issue, the issues are on appeal, and the arguments being raised are essentially the same as the arguments here.

But this Court should not even determine whether the first-to-file rule definitively applies, because the Northern District of Texas must decide whether the doctrine applies and how to resolve the conflict. "The first-to-file rule has generally been interpreted to dictate not only which forum is appropriate, but also which forum should decide which forum is appropriate." *EMC Corp. v. Parallel Iron, LLC*, 914 F. Supp. 2d 125, 129 (D. Mass. 2012); *see TPM*, 91 F.3d at 4. "Courts in nearly every circuit have held that the court in which the second action was filed should defer to courts in the first-filed action." *EMC Corp.,* 914 F. Supp 2d at 129. Indeed, "[c]ase law indicates that the court in which the first-filed case was brought decides the question of whether or not the first-filed rule, or alternatively, an exception to the first-filed rule, applies." *Cruz v. Hartford Cas. Ins. Co.*, No. 05-38S, 2005 WL 1231965, at \*3 (D.R.I. May 20, 2005); *Ontel Products, Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1150 n.9 (S.D.N.Y. 1995).

This is because "[w]here an action is brought in one federal district court and a later action embracing the same issue is brought in another federal court, the first court has jurisdiction to enjoin the prosecution of the second action." *Meeropol v. Nizer*, 505 F.2d 232, 235 (2d Cir. 1974). "This rule is applicable even where the parties in the two actions are not identical." *Id*.

## **CONCLUSION**

This Court should stay this action or transfer it to the Northern District of Texas so that the Child Advocate can ask that Court to permit this action—by either transferring this action back to this Court, or by considering the Child Advocate's arguments in the Northern District of Texas.

Dated: this 7th day of May 2026.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JORDAN C. CAMPBELL
Deputy Assistant Attorney General

LISA K. HSIAO
Acting Director
Enforcement & Affirmative Litigation
    Branch


 /s/ Patrick R. Runkle
ROSS S. GOLDSTEIN
PATRICK R. RUNKLE
Assistant Directors

United States Department of Justice
Enforcement & Affirmative Litigation
    Branch
P.O. Box 386
Washington, DC 20044
Tel:  (202) 532-4723
Fax: (202) 514-8742
Patrick.R.Runkle@usdoj.gov

**STATEMENT REGARDING NEED FOR HEARING UNDER LR Cv 7(c)**

The Government does not believe oral argument is necessary to determine this motion.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2026, I electronically filed the within Motion to and it is available for viewing and downloading from the Court's CM/ECF System, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

 */s/ Patrick R. Runkle*
PATRICK R. RUNKLE
Assistant Director

6