**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| In Re: Administrative Subpoena 25-1431-032 to Rhode Island Hospital | Misc. Action No. 1:26-mc-00007-MSM-AEM <br><br> **EMERGENCY MOTION OF RHODE ISLAND HOSPITAL TO INTERVENE WITH INCORPORATED MEMORANDUM OF LAW** <br><br> **REQUEST FOR EXPEDITED RELIEF PURSUANT TO LR CV 9** |

**MOTION AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rules of Civil Procedure 24(a)(2) and 24(b)(1)(B), Rhode Island Hospital (RIH) moves on an emergency basis to intervene in this miscellaneous action for the purpose of moving to quash Administrative Subpoena 25-1431-032 issued by the Department of Justice.

On May 4, 2026, the Child Advocate for the State of Rhode Island filed a Motion to Quash the subpoena. The Child Advocate asked that the Court quash the subpoena or, in the alternative, order RIH "not to comply with the [s]ubpoena[.]" ECF No. 1 at 45. Given RIH's concrete interest in the pending action, this Court should allow it to intervene as of right under Rule 24(a)(2), or, in the alternative, should allow permissive intervention under Rule 24(b)(1)(B), as RIH intends to raise claims and defenses similar to the Child Advocate's about the subpoena's purpose and scope.

A motion to quash the subpoena issued to RIH accompanies this motion as **Exhibit 1**. *See* Fed. R. Civ. P. 24(c). Under Local Rule 7(c), RIH requests to be heard at the oral arguments set for May 12, 2026, and is willing and prepared to join that hearing.

**BACKGROUND**

On July 9, 2025, the Government served an administrative subpoena on RIH at its principal place of business in Providence, Rhode Island.  Ex. 3-C.  The Government set a return date of August 7 and requested production at its Consumer Protection Branch office (now the Enforcement and Affirmative Litigation Branch) in Washington, D.C.  ECF No. 1-2 at 1.  The Government issued the subpoena under the Health Insurance Portability and Accountability Act (HIPAA), 18 U.S.C. § 3486, to "investigate Federal health care offenses."  *Id*.  The subpoena lists fifteen expansive demands, including requests for employees' complete personnel files and three requests explicitly calling for sensitive patient information.

Ten months followed, during which counsel for RIH and the Government repeatedly discussed compliance efforts and RIH made a partial production.  Then, on Thursday, April 30, the Government suddenly and without notice to RIH filed a petition to enforce the subpoena in the United States District Court for the Northern District of Texas.

The same day that the Government filed its petition, and before RIH had an opportunity to respond, the District Court granted it.  Ex. 4.  The Order that entered requires RIH to "provide all records responsive to each request in the subpoena within 14 days" and states that "failure to fully comply with the subpoena or show just cause for continued noncompliance may result in sanctions up to and including this Court holding [RIH] in contempt."  *Id.* at 2-3.

On May 4, 2026, the Child Advocate filed an emergency motion requesting that this Court quash the subpoena or, in the alternative, order RIH to either not comply with the subpoena or not disclose patients' identifying and personal health information.  ECF No. 1 at 45. RIH seeks intervention so that the Court may hear directly from the subpoenaed entity whose interests are directly at issue in the Child Advocate's motion.

## LEGAL STANDARD

Rule 24 allows two types of intervention: intervention as of right under Rule 24(a) and permissive intervention under Rule 24(b).

Intervention as of right requires:

(i) the timeliness of [the] motion to intervene;

(ii) the existence of an interest relating to the property or transaction that forms the basis of the pending action;

(iii) a realistic threat that the disposition of the action will impede [the intervenor's] ability to protect that interest; and

(iv) the lack of adequate representation of its position by any existing party.

*R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 7 (1st Cir. 2009) (internal citations omitted).

Permissive intervention allows the Court, "[o]n timely motion, [to] permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1).  The Court "enjoys very broad discretion in granting or denying the motion," as long as it considers whether any undue prejudice or delay will result to the original parties.  *Daggett v. Comm'n on Governmental Ethics & Election Pracs.*, 172 F.3d 104, 113 (1st Cir. 1999); Fed. R. Civ. P. 24(b)(3).

## ARGUMENT

**I.      RIH Is Entitled to Intervene as of Right Under Rule 24(a).**

RIH satisfies all the requirements for intervention as of right.

**A.  RIH's motion is timely.**

RIH moved promptly to intervene in this action.  "[T]he most important [timeliness] factor is the length of time that the [] intervenor knew or reasonably should have known that his interest was imperilled (sic) before he deigned to seek intervention." *In re Efron*, 746 F.3d 30, 35 (1st Cir.

2014).  The subpoena enforcement and this action unfolded quickly, and RIH moved just as quickly: the Northern District of Texas entered its order the evening of April 30, the Child Advocate filed this action on May 4, and RIH is moving to intervene just five days later, before a hearing scheduled for May 12.  (Meanwhile, RIH was also working to preserve its interests by filing an appeal to the Fifth Circuit and moving for a stay pending appeal.)  Thus, RIH's motion to intervene is timely, and there is no foreseeable prejudice to the existing parties if the intervention is granted.  To the contrary: if RIH is denied intervention, its interests will be prejudiced.  *Geiger v. Foley Hoag LLP Ret. Plan*, 521 F.3d 60, 65 (1st Cir. 2008) (court may consider "the foreseeable prejudice to the existing parties if intervention is granted, or to the intervenor if it is denied").

### B.  RIH has an interest in the subject matter of this action, and any disposition of the action without RIH's involvement would impair its ability to protect that interest.

On the second requirement, RIH plainly has a direct interest in the dispute.  *Conservation Law Found. of New England, Inc. v. Mosbacher*, 966 F.2d 39, 42 (1st Cir. 1992) ("[T]he intervenor's claims must bear a sufficiently close relationship to the dispute between the original litigants and that the interest must be direct, not contingent or speculative.").  The subpoena at issue requires production of RIH's documents, communications, and other records within its custody that it wishes to keep confidential to protect the privacy interests of its patients.  ECF No. 1-2.  This action's resolution will necessarily impact the action that RIH must take regarding these records.

Moreover, because RIH's records, and DOJ's access to them, are "the real targets of the suit," resolving this matter without RIH would impair its ability to protect those records' confidentiality.  *Mosbacher*, 966 F.2d at 43.  If the Court were to deny the Child Advocate's motion, the subpoena and the Texas order enforcing it would continue to operate directly against RIH without this Court having considered RIH's own strong grounds for opposing enforcement

4

(grounds RIH was also never able to raise in Texas). Or if the Court were to grant only partial relief limited to children in the custody or care of the State of Rhode Island, RIH would still face obligations concerning the broader set of patient records and institutional materials the subpoena demands. RIH should be allowed to intervene to present this Court with the full scope of objections to the subpoena.

### C. No existing party adequately represents RIH's interests.

RIH's intervention is warranted because the Child Advocate cannot fully represent RIH's interests in opposing the subpoena's enforcement. "[A]n intervenor need only make a 'minimal' showing that the representation afforded by a named party would prove inadequate." *B. Fernández & Hnos., Inc. v. Kellogg USA, Inc.*, 440 F.3d 541, 545 (1st Cir. 2006). Although the Child Advocate's interests are ultimately aligned with RIH's, RIH's interests are still "sufficiently different in kind or degree from those of the named party" to warrant intervention. *Id*. at 546.

Indeed, RIH's interests are much broader. The Child Advocate's statutory mandate is to protect the legal rights and welfare of children in the State's custody or care. RIH serves not just those children but a broad array of patients, meaning it has even greater interests to protect and patient relationships to preserve. RIH also has independent confidentiality obligations to all patients whose records are demanded, which may exist separate from any privacy rights the patients themselves may assert or that the Child Advocate may raise on their behalf. And it is RIH that possesses the records in question, bears the compliance obligations and costs related to production, and faces potential contempt sanctions in Texas for noncompliance. The gap between RIH's interests and the Child Advocate's means RIH's interests cannot be adequately represented in this action unless it intervenes.

**II.     In the Alternative, the Court Should Permit Intervention under Rule 24(b).**

RIH also satisfies the requirements for permissive intervention.  "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1).  "A district court's determination of whether to grant a motion for permissive intervention is highly discretionary . . . and it may consider almost any factor rationally relevant in making that determination."  *Melone v. Coit*, 100 F.4th 21, 28 (1st Cir. 2024) (internal citations omitted).  Permissive intervention is "obvious[ly]" warranted when the intervenor "has significant interests at stake in this litigation and that the outcome may impair its ability to protect those interests."  *Id.*

Again, RIH's intervention is timely and will not unduly delay or prejudice the proceedings.  And RIH's claims and defenses plainly share common questions of law and fact with the Child Advocate's motion.  Both concern the same subpoena, the same investigation, the same Texas order, and the same urgent risk of compelled disclosure of sensitive RIH patient records.  Moreover, RIH has significant interests at stake in this action's outcome that will be impaired absent intervention.  Permissive intervention would also serve judicial economy by allowing full exploration of the subpoena's deficiencies.

## CONCLUSION

For these reasons, the Court should grant this motion, allow RIH to intervene and file its Motion to Quash, and include RIH in the May 12 hearing.

Dated: May 9, 2026

Respectfully submitted,

*/s/ Stacey P. Nakasian*
Stacey P. Nakasian (#5069)
Duffy & Sweeney, a Division of
Stevens & Lee
321 South Main Street
Suite 400
Providence, R.I. 02903
(401) 455-0700
Stacey.Nakasian@stevenslee.com

Eric G. Olshan (*pro hac vice* forthcoming)
MCGUIREWOODS LLP
260 Forbes Ave., Ste. 1800
Pittsburgh, PA  15222
T: (412) 667-7941
F: (412) 667-7991
eolshan@mcguirewoods.com

Kathryn M. Barber (*pro hac vice*
forthcoming)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal St.
Richmond, VA 23219
T: (804) 775-1227
F: (804) 698-2227
kbarber@mcguirewoods.com

*Attorneys for Rhode Island Hospital*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 9, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic notice in this matter.

Dated: May 9, 2026                                    */s/ Stacey P. Nakasian*