UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In re: Administrative Subpoena 25-1431-032 to Rhode Island Hospital | Misc. No. 1:26-mc-00007-MSM-AEM |

**UNITED STATES' NOTICE OF SUPPLEMENTAL AUTHORITY**

The United States of America submits this Notice of Supplemental Authority to bring to the Court's attention the opinion and order entered yesterday by the United States District Court for the Northern District of Texas regarding the same subpoena now before this Court. *See* Opinion and Order, *In the Matter of Administrative Subpoena 25-1431-032*, No. 4:26-mc-00006-O, ECF 12 (N.D. Tex. May 10, 2026) (attached hereto as Exhibit 1).

In denying Rhode Island Hospital's ("RIH") emergency motion for a stay pending appeal, the court made several findings directly relevant to the issues now pending before this Court. Among those are:

- After considering other health care providers' arguments made to other district courts regarding challenges to similar subpoenas in this investigation, the court found, "it is plain that the Government's inquiry is legitimate [and] the records sought [by the subpoena to RIH] are relevant." *Id.* at 4.

- Venue for enforcement of the subpoena to RIH is proper in the Northern District of Texas, based on 18 U.S.C. § 3486(c) as the "jurisdiction of which the investigation is carried on." *Id.* at 6 & n.8 ("the record therefore reflects that the investigation is being carried on in the Northern District of Texas and the Government's enforcement petition was properly before this Court.").

- The Government's subpoena is not premised on a theory that off label use of puberty blockers or cross-sex hormones is itself a violation of the FDCA. *Id.* at 7. "Regardless, a subpoena recipient 'may not avoid an administrative subpoena on the ground that it has a valid defense to a potential subsequent lawsuit' and cannot raise 'factual challenges based on a lack of statutory coverage' of a recipient's activities, as RIH attempts to do here." *Id.* (quoting *EEOC v. Karuk Tribe Hous. Auth.*, 260 F.3d 1071, 1076–77 (9th Cir. 2001)) (citation modified).

- The subpoena to RIH is not overly broad or burdensome; rather, it seeks "information relevant to an FDCA investigation as it relates to RIH itself and as it relates to the conduct of manufacturers and distributors of drugs that may have violated the FDCA." *Id.* at 7.

- The subpoena requires only "production on nonprivileged, pre-existing business records of a large, closely regulated healthcare provider"—and compliance with it would not cause irreparable harm. *Id.* at 7–8.

- Disclosure of patient records would not cause irreparable harm to RIH's relationship with its patients, especially since "RIH discloses to its patient that their health information may be shared with the Government in response to a subpoena. Such known, warned of, danger does not rise to the level of irreparable harm." *Id.* at 9.

- Regarding patients' privacy interests in their medical records, the Government's "compelling interest in identifying illegal activity and deterring future misconduct … outweighs the privacy rights of those whose medical records are sought via subpoena." *Id*

at 10. (quoting *In re Subpoena Duces Tecum*, 228 F.3d 341, 351 (4th Cir. 2000) (citation modified).

The district court, after analyzing the record, including other matters regarding substantively similar subpoenas related to the Government's nationwide investigation, RIH's briefing, the Government's ex parte declaration, and the applicable law, found that RIH failed to show a likelihood of success on the merits, irreparable harm, or that the equities and public interest favored delaying RIH's compliance with the same subpoena now before this Court. The district court, therefore, continued to require RIH to comply with the Government's lawful subpoena, except for documents in which RIH has a "valid legal objection." *Id.*

Dated this 11th day of May, 2026.

<div style="margin-left:50%">

Respectfully submitted,


BRETT A. SHUMATE
Assistant Attorney General

JORDAN C. CAMPBELL
Deputy Assistant Attorney General

BRANTLEY T. MAYERS
Counsel to the Assistant Attorney General

LISA K. HSIAO
Acting Director
Enforcement and Affirmative Litigation Branch

 */s/ Ross S. Goldstein*
ROSS S. GOLDSTEIN
PATRICK R. RUNKLE
Assistant Directors

SCOTT B. DAHLQUIST
Trial Attorney

</div>

United States Department of Justice
Enforcement and Affirmative Litigation Branch
P.O. Box 386
Washington, DC 20044
Tel: 202-353-4218
Fax: 202-514-8742
Ross.Goldstein@usdoj.gov