**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

|  |  |  |
|---|---|---|
| **IN THE MATTER OF ADMINISTRATIVE SUBPOENA 25-1431-032** | § § § § § § § § § | **Civil Action No.  4:26-MC-00006-O** |

## <u>OPINION & ORDER</u>

Before the Court are Rhode Island Hospital's Emergency Motion for Stay Pending Appeal (ECF No. 7); and the Government's Response (ECF No. 11). Having considered the Motion, briefing, and applicable law, the Court finds that Rhode Island Hospital's Motion should be, and hereby is, **DENIED**.

### I.    BACKGROUND

The Court's recitation of the facts is taken from the parties' briefing. On July 9, 2025, the Department of Justice served an administrative subpoena on Rhode Island Hospital ("RIH") at its principal place of business in Providence, Rhode Island. The Government set a return date of August 7 and requested production at the office of the DOJ's Consumer Protection Branch (now the Enforcement and Affirmative Litigation Branch), which is located in Washington, D.C. The Government issued the subpoena pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"), 18 U.S.C. § 3486, to "investigate Federal health care offenses."[1]

Over the ensuing roughly nine months, RIH produced one six-page document. RIH did not otherwise move to quash the subpoena or make any other attempt to explain non-compliance. It did seek the Government's views on proposed search terms and received no response. On April

---

[1] Pet. Ex. B at 2, ECF No. 1-2.

30, 2026, the Government moved to enforce the subpoena in this Court. After reviewing the petition, the Court concluded that the subpoena had a legitimate inquiry, the records sought were relevant, and therefore entered an order enforcing the subpoena. RIH filed a notice of appeal and moved this Court to stay its order pending appeal.

## II.    LEGAL STANDARD

A stay pending appeal is "extraordinary relief" for which the movant bears a "heavy burden." *Plaquemines Par. v. Chevron USA, Inc.*, 84 F.4th 362, 373 (5th Cir. 2023). In determining whether RIH has met its burden, the Court considers "four factors": "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies.'" *United States v. Texas*, 97 F.4th 268, 274 (5th Cir. 2024) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)). "The first two factors of the traditional standard are the most critical." *Id.* (quoting *Nken*, 556 U.S. at 434). But "[a] stay pending appeal 'is not a matter of right, even if irreparable injury might otherwise result.'" *Id.* (quoting *Nken*, 556 U.S. at 427).

The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the court's] discretion." *Nken*, 556 U.S. at 433–34. Importantly, "[a] stay is not a matter of right, even if irreparable injury might otherwise result," but "[i]t is instead an exercise of judicial discretion, and [t]he propriety of its issue is dependent upon the circumstances of the particular case." *Plaquemines Parish*, 84 F.4th at 373 (quoting *Nken*, 556 U.S. at 433). A court must thoughtfully consider the factors because "'a stay is an intrusion into the ordinary processes of administration and judicial review.'" *Campaign for S. Equality v. Bryant*, 773 F.3d 55, 57 (5th Cir. 2014) (quoting *Nken*, 556 U.S. at 427).

### III.    ANALYSIS

Applying the four well-established factors here and considering the arguments raised by the parties, the Court determines that RIH has not met its burden to show that the Court should "exercise . . . judicial discretion" to stay the compliance with the subpoena pending appeal in this "particular case." *Plaquemines Parish*, 84 F.4th at 373.

### A.  Strong Likelihood of Success on the Merits

To begin, the Court considers whether RIH has made a strong showing that it is likely to succeed on the merits. *U.S. Navy Seals 1-26 v. Biden*, 27 F. 4th 336, 349–50 (5th Cir. 2022) (citing *Nken*, 556 U.S. at 426). Having reviewed RIH's arguments as to this factor, the Court concludes it has not made a strong showing of likely success on the merits.

First, RIH argues that the Court violated RIH's due process rights by issuing its Order without allowing RIH to be heard.[2] In support, RIH cites to *Sandsend Financial Consultants, Ltd. v. Federal Home Loan Bank Board* for the proposition that "by ruling on a motion to quash an administrative subpoena before receiving a response, the district court robb[ed] the subpoena's issuer of its right to be heard."[3] But *Sandsend*, like nearly all of RIH's cited authority, involves a motion to quash a subpoena, not enforcement of one.

There is a reason the two are treated differently. As the Court in *Sandsend* recognized when reviewing an administrative subpoena—in this case, one that was issued ten months ago—"the court plays a strictly limited role." 878 F.2d at 879 ("The court's inquiry is limited to two questions: (1) whether the investigation is for a proper statutory purpose and (2) whether the documents the agency seeks are relevant to the investigation."). Moreover, the Fifth Circuit "has consistently

---

[2] Mot. Stay 4, ECF No. 7.
[3] Mot. Stay 4, ECF No. 7 (quoting *Sandsend Financial Consultants, Ltd. v. Federal Home Loan Bank Board*, 878 F.2d 875, 881 (5th Cir. 1989) (internal quotation marks omitted)).

recognized the summary nature of administrative subpoena enforcement proceedings." *Burlington N. R.R. v. Office of Inspector Gen.,* 983 F.2d 631, 637 (5th Cir.1993); *see also EEOC v. Bay Shipbuilding Corp.*, 668 F.2d 304, 310 (7th Cir. 1981) ("The great discretion afforded by motion rules is appropriate when regulating the form of opposition to subpoena enforcement because . . . subpoena enforcement is meant to be a summary proceeding.").

Generally, a "district court does not abuse its discretion or violate a non-movant's due process rights by deciding a motion to dismiss before the non-movant has responded if 'the response would [not] have affected the outcome of the decision.'" *Vodicka v. Ermatinger*, No. 3:19-CV-0056-B, 2022 WL 992600, at *10 (N.D. Tex. Apr. 1, 2022) (alteration adopted) (quoting *United States v. Rand*, 924 F.3d 140, 144–45 (5th Cir. 2019)). So too here.

The Court need not wait for a response if it reasonably believes that the response will not change the outcome. *See Vodicka*, 2022 WL 992600 at *10. In such a circumstance, the "central question" is "whether the response would have affected the outcome of the district court's decision." *Rand*, 924 F.3d at 145. In enforcing the instant subpoena, the Court considered RIH's long-term non-compliance with the subpoena and the arguments in opposition that have been made to other district courts.[4] In the face of those considerations, it is plain that the Government's inquiry is legitimate, the records sought are relevant, and save for one document, RIH has not complied. *Sandsend*, 878 F.2d at 879. Over the previous ten months, RIH has proffered no reason for its non-compliance with the subpoena, nor had it previously asserted any legal justification for the non-compliance. Indeed, the Government's evidence indicates that RIH's counsel represented several times that it would produce responsive documents.[5] But to date, RIH has produced only one six-

---

[4] Pet. 12, n.4, ECF No. 1.
[5] Pet. Ex. A at 19, ECF No. 1-1.

page document over the course of nearly a year.[6] It defies belief that one six-page document is the only non-objectionable responsive document. Such flagrant non-compliance and lack of legal challenge to the subpoena prior to the Government's enforcement petition left the Court to conclude that if RIH had a basis for non-compliance, then it would have asserted it. Even now, RIH has not sought reconsideration of the enforcement order to explain why it refused to comply beyond the one six-page document, nor has it indicated that it will end its seemingly intentional non-compliance and produce responsive non-objectionable documents.

Moreover, the process due in ex parte subpoena proceedings is instructive here. Courts have indicated that the proper due process protection to test the validity of a subpoena is a motion to quash or modify. *See In re Application of Eurasian Bank Joint Stock Co. for Expedited Jud. Assistance Pursuant to 28 U.S.C. § 1782*, No. 3:15-mc-106-L-BN, 2015 WL 6438256, at *1 (N.D. Tex. Oct. 21, 2015) ( Noting that "once the subpoenas are served, [the respondent] will have the opportunity to move to quash or modify the subpoenas under Federal Rule of Civil Procedure 45," so that "[t]he respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." (cleaned up)). But even if a party were denied the opportunity to litigate the validity of a subpoena, a motion for reconsideration would be the proper mechanism to challenge an ex parte order. *In re Ord. Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in Foreign Proc.*, No. CV 4:23-MC-96, 2025 WL 714374, at *3 (E.D. Tex. Mar. 5, 2025) (noting that "a motion for reconsideration may seem like a strange motion at this juncture because this is Respondents' first pleading on this issue. However, because the Court issued its Order on an ex parte basis, a motion

---

[6] *Id.*

for reconsideration is the proper procedural mechanism at this stage"). Again, RIH has neither moved to quash, to reconsider, nor produced responsive non-objectionable documents.

After ten months, RIH has made no showing as to why it is legally justified in withholding compliance, particularly given the "minimal" requirements for enforcement of a subpoena. *Burlington N R. Co.,* 983 F.2d at 637–38. Instead, all of the evidence indicates that RIH intends to delay and frustrate compliance, which demonstrates how RIH's opposition would not have changed the outcome of the Court's ruling. Accordingly, the Court finds that RIH fails to demonstrate a likelihood of success on its claim that it lacked the necessary due process.

Second, RIH argues that this Court is not the proper venue to adjudicate the Government's petition.[7] Title 18 U.S.C. § 3486(c) permits enforcement of an administrative subpoena in "any court of the United States within the jurisdiction of which the investigation is carried on or of which the subpoenaed person is an inhabitant, or in which he carries on business or may be found." According to the Declaration from the Acting Director of the Enforcement and Affirmative Litigation Branch there is substantial operational and decision-making control of the investigation being exercised at the U.S. Attorney's Office in the Northern District of Texas, along with several subjects and potential targets of the investigation located therein.[8] The record therefore reflects that the investigation is being carried on in the Northern District of Texas and the Government's enforcement petition was properly brought in this Court. Accordingly, RIH has failed to show a likelihood of success on the merits as to its venue challenge.

---

[7] Mot. Stay 6, ECF No. 7.

[8] *See generally* Hsiao Declaration (Sealed) Ex. 1, ECF No. 10-1. The Government has presented the Court with ex parte information that supports its choice to enforce the subpoena in this Court and due to the sensitive nature of that information, it was provided ex parte. *See In re Grand Jury Subpoena*, 419 F.3d 329 (5th Cir. 2005) (finding no abuse of discretion where the district court relied on the government's ex parte submission in reaching its decision).

Finally, RIH argues that the subpoena is "unlawful" because it claims that the Government is proceeding on a theory that "'off label use of puberty blockers and cross sex hormones' is 'a violation of the FDCA.'"[9] But the Government's Petition does not advance this argument.[10] Regardless, a subpoena recipient "may not avoid an administrative subpoena on the ground that it has a valid defense to a potential subsequent lawsuit" and cannot raise "factual challenges based on a lack of statutory 'coverage'" of a recipient's activities, as RIH attempts to do here. *EEOC v. Karuk Tribe Hous. Auth.*, 260 F.3d 1071, 1076–77 (9th Cir. 2001); *Donovan v. Shaw*, 668 F.2d 985, 989 (8th Cir. 1982) ("[A] subpoena enforcement proceeding is not the proper forum in which to litigate the question of coverage under a particular federal statute."); *United States v. Sturm, Ruger & Co.*, 84 F.3d 1, 5 (1st Cir. 1996) ("[Q]uestions concerning the scope of an agency's substantive authority to regulate are not to be resolved in subpoena enforcement proceedings.").

RIH also argues that the subpoena is overly broad and burdensome.[11] The Government responds that the subpoena seeks information relevant to an FDCA investigation as it relates to RIH itself and as it relates to the conduct of manufacturers and distributors of drugs that may have violated the FDCA.[12] As it relates to RIH, it presents no factual record in connection with its Motion to Stay as to the merits of the Government's investigation such that the Court could determine in these proceedings the potential scope of RIH's activities. Therefore, the Court has no basis to conclude RIH carried its burden to show it may succeed on the merits of this claim. As it relates to manufacturers and distributors, such entities also can be convicted of FDCA violations.

---

[9] Mot. Stay 8, ECF No. 7.

[10] Pet. 3–4, ECF No. 1 (explaining that when a drug is distributed for an intended use not approved by FDA—a potential FDCA violation—and an insurance plan pays for that drug, the FDCA violation becomes a "federal health care offense" under 18 U.S.C. § 24 and therefore may be investigated through a HIPAA subpoena).

[11] Mot. Stay 11, ECF No. 7.

[12] Resp. 11, ECF No. 11.

*See e.g.,* 21 C.F.R. § 201.128 (intent may "be shown by labeling claims, advertising matter," "oral or written statements," and "circumstances in which the [drug] is, with the knowledge of" certain persons, "offered or used for a purpose for which it is neither labeled nor advertised"). RIH has not overcome the Government's representation in the initial Hsiao Declaration that details precisely how and why each category of information the subpoena seeks is relevant and necessary to further the Government's investigation. Nor has RIH sought reconsideration of the order to present that theory, nor has it included any evidence supporting it as a basis to stay enforcement.

Accordingly, the Court finds that RIH, who bears the burden, fails to demonstrate a likelihood of success on the merits, let alone the "strong" showing required for such "extraordinary relief" as a stay pending appeal. Therefore, this factor weighs heavily against granting a stay.

## B. Irreparable Harm

Turning to the second stay factor, the Court concludes that Defendants have not shown that they will suffer irreparable harm absent a stay pending appeal. RIH argues that it will suffer irreparable constitutional and monetary injuries without a stay.[13] The Court disagrees.

First, the subpoena requires production of nonprivileged, pre-existing business records of a large, closely regulated healthcare provider. The Court struggles to see how the Government seeing RIH's nonprivileged business records as part of a lawful criminal investigation qualifies as irreparable harm. Moreover, the Court can order a complete return of the documents on any potential remand if RIH is successful on appeal, and the Court can order that no information gleaned from those documents be used in the investigation. Such a remedy is available and would not moot the case. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12–15 (1992)

---

[13] Mot. Stay 12, ECF No. 7.

("[T]his case is not moot because if the summons were improperly issued or enforced a court could order that the IRS' copies of the tapes be either returned or destroyed.").

Second, spending money to comply with the subpoena is not an irreparable harm to RIH because, among many other things, "[t]he burden of complying with a subpoena does not constitute irreparable injury." *Nikon Corp. v. GlobalFoundries U.S., Inc.*, No. 17- MC-80071, 2017 WL 4865549, at *2 (N.D. Cal. Oct. 26, 2017). "In general, the cost to businesses of complying with governmental subpoenas are normal costs of doing business which should be borne by the company." *Hurt v. Dime Sav. Bank*, 151 F.R.D. 30, 31 (E.D.N.Y. 1993).

Finally, RIH argues that disclosure of patient records would irreparably harm its patients and its relationship with its patients.[14] But the "irreparable-harm analysis focuses on the moving party, not the nonmoving party or some third party." *Kansas v. United States*, 124 F.4th 529, 534 (8th Cir. 2024) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). Thus, RIH has not shown how *it* would be harmed rather than its patients, who are third parties. In any event, RIH discloses to its patient that their health information may be shared with the Government in response to a subpoena.[15] Such a known, warned of, danger does not rise to the level of irreparable harm in this case. Accordingly, this factor does not weigh in favor of a stay.

### C. Balance of Equities and the Public Interest

The Court also finds that the remaining two factors—comparative balance of the equities and the public interest—likewise do not justify a stay pending appeal. *See Pursuing Am.'s Greatness v. FEC*, 831 F.3d 500, 511 (D.C. Cir. 2016) ("[I]n the context of a stay, assessing the harm to the opposing party and weighing the public interest merge when the Government is the opposing party."). The Government has an "uncontested interest" in the "faithful execution of

---

[14] Mot. Stay 13, ECF No. 7.
[15] Resp. 15–16, ECF No. 11.

law." *Newsom v. Trump*, 141 F.4th 1032, 1054 (9th Cir. 2025). Indeed, "[t]he government has a compelling interest in identifying illegal activity and in deterring future misconduct," and that interest "outweighs the privacy rights of those whose [medical] records" are sought via subpoena, "particularly in light of the limitation placed on uses of subpoenaed information by § 3486." *In re Subpoena Duces Tecum*, 228 F.3d 341, 351 (4th Cir. 2000). Thus, the Court finds that the public interest and balance of the equities weigh against a stay.

## IV.    CONCLUSION

For the foregoing reasons, the Court concludes that RIH has not met its burden of showing that the circumstances justify an exercise of the Court's discretion to grant a stay pending appeal. Accordingly, the Court **DENIES** RIH's Motion (ECF No. 7). The foregoing notwithstanding, the Court **STAYS** enforcement of the subpoena, except as to responsive non-privileged documents without a valid legal objection, pending RIH's request for a stay before the Fifth Circuit Court of Appeals.[16]

**SO ORDERED** on this **10th day** of **May, 2026.**

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[16] The Court's carve out is consistent with the standards for discovery and attorney conduct laid out in *Dondi*. *See generally Dondi Properties Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988). It is unclear whether RIH seeks to appeal enforcement of the subpoena as to non-privileged responsive documents with no valid legal objections. Regardless, there is no good reason to delay production of those documents.